UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | |
|---|---|
| HERMAN C. NEWMAN, | CASE NO. 1:08 CV2379 |
| Petitioner, | JUDGE KATHLEEN M. O'MALLEY |
| v. | |
| | MEMORANDUM OF OPINION |
| | AND ORDER |
| HARVEY LAPPIN, Director | |
| Respondent. | |

Petitioner pro se Herman C. Newman filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Newman, who is confined at the Federal Correctional Institution Elkton in Lisbon, Ohio, filed this petition against "Harvey Lappin, Director."[1] Petitioner asserts he is entitled to receive credit towards his federal sentence for time he spent in state custody. He seeks immediate release.

BACKGROUND

Mr. Newman was arrested on or about December 16, 1996 by federal authorities while on bond for Virginia state charges. The United States Marshals issued a writ of habeas corpus ad prosequendum to Culpeper County Virginia on February 24, 1997 seeking Mr. Newman's presence in the United States District Court for the Western District of Virginia to face federal charges. United States v. Newman, No. 3:95cr0066-14 (WD Va. 1995). He was returned to the State on March 26, 1997. The state court sentenced petitioner to 14 years, 15 months, and 105 days on April 17, 1997

---

[1] Harley G. Lappin is the Director of the Federal Bureau of Prisons.

The Marshals issued another writ on July 18, 1997 seeking Mr. Newman's appearance for his federal trial. He was returned to the State on July 22, 1997. A third writ was issued by the Marshals on October 10, 1997. Six days later, Mr. Newman was sentenced to 180 months in prison by Judge James H. Michael. The Judgment and Commitment (J&C) Order issued by Judge Michael recommended Mr. Newman's placement in a facility with a drug treatment program and that he receive credit for time served. The order does not state whether Mr. Newman's federal sentence should run concurrently or consecutively to the state sentence he was already serving.

Mr. Newman's state parole term began on June 6, 2007. He was immediately taken into federal custody to begin serving the federal sentence imposed on October 16, 1997.

By order dated June 23, 2008, the District Court of Virginia granted petitioner a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). His sentence was reduced from 180 months to 150 months. At some point thereafter, petitioner wrote a letter to the court asking for further modification. The court construed the letter as a request for reconsideration, denied the request and advised petitioner that he needed to file a request for judicial review of the computation of his credits pursuant to 28 U.S.C. §2241 if he sought pre-sentence credit on his federal sentence. See United States v. Newman, No. 3:95CR00066, Order of 7/25/08 (Jones, J.)

Before filing a petition in this court, Mr. Newman fully exhausted his administrative remedies. The BOP denied his requests for 11 years federal sentence credit for the time he spent in state prison. Warden Shartle responded that the Virginia Department of Corrections advised him that for "all the time [Newman] spent in custody from December 16, 1996, on was awarded to the various state sentences you received." ("Req. For Admin. Remedy" from Shartle to Newman of 2/15/08.) Because petitioner already received pre-custody credit for the time he spent in custody

2

awaiting federal sentencing, the BOP was not authorized to grant him credit against his federal sentence.

National Inmate Appeals Administrator Harrell Watts construed petitioner's appeal as a request for a <u>nunc pro tunc</u> designation. To express the intent of the federal sentencing judge, BOP PS 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, provides that the BOP may designate a federal prisoner's placement in a federal or state prison. In Mr. Newman's case, the BOP determined that his concurrent placement in state prison while serving his federal sentences was not the intent of the sentencing court.

## ANALYSIS

Mr. Newman argues that his confinement in state custody was "solely the result of the state's detention in order to subsequently turn the defendant over to federal authorities at the end of his term (a federal detainer)." (Pet. at 5.) As such, he claims he is entitled to receive credit on his federal sentence for the time he spent serving his state sentence. He refutes the BOP's claim that the sentencing court was silent with regard to whether his state and federal sentences should run concurrently or consecutively. Instead, he argues that the trial court clearly intended for him to receive credit on his federal sentence. Without the benefit of legal support, he adds that, if a court's judgment is silent regarding concurrent or consecutive sentence terms, "the terms run concurrently unless a statute requires that they be consecutive."[2] (Mem. Supp. Pet. at 2.)

Petitioner acknowledges that he has already received pre-custody credit on his

---

[2]This may be a reference to a provision in 18 U.S.C. § 3584 wherein: "Multiple terms of imprisonment <u>imposed at the same time</u> run concurrently unless the court orders or the statute mandates that the terms are to run consecutively." 18 U.S.C. §3584(a)(emphasis added). Since this case does not involve multiple terms imposed at the same time, Mr. Newman's assertion is inapposite.

3

sentence from December 16, 1996. Citing <u>Kayfez v. Gasele</u>, 993 F.2d 1288 (7th Cir. 1993), however, he claims he is still entitled to additional credit on his federal sentence because the state was merely holding him "in order to subsequently turn the defendant over to federal authorities at the end of his term." (Mem. Supp. Pet. at 1.)

28 U.S.C. § 2241

Federal prisoners seeking to challenge the execution or manner in which their sentence is being served shall file their claim in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing <u>United States v. Jalili</u>, 925 F.2d 889, 893 (6th Cir. 1991)); <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 77 (6th Cir. 1977). A district court must direct a writ of habeas corpus "to the person having custody of the person detained" 28 U.S.C. § 2243; see <u>Braden v. 30th Judicial Circuit Ct. of Ky.</u>, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")

Mr. Newman's challenge to the BOP's denial of his request for sentencing credit is properly before this court in a § 2241 petition. Petitioner is incarcerated at F.C.I. Elkton, well within the jurisdictional reach of this court. Since this court has personal jurisdiction over the petitioner's custodian, <u>Roman v. Ashcroft</u>, 340 F.3d 314, 319 (6th Cir. 2004), it has jurisdiction over his habeas petition. <u>Braden</u>, 410 U.S. at 495.

SENTENCING CREDIT

Judge Michael sentenced petitioner to a 180-month term of incarceration on October 21, 1997. On the second page of the J&C it reads: "The court makes the following recommendations to the Bureau of Prisons: Defendant be placed at a facility which affords the best drug treatment

4

program. Defendant to receive credit for time served." Newman, No. 3:95cr000066-14 (J.&C. of 10/21/97, at 2.) There is no directive that Mr. Newman's federal sentence run concurrently with his state sentence. After Mr. Newman was released on parole from the state, the BOP calculated petitioner's sentence as commencing on June 6, 2007.

The United States Code specifies that a federal sentence commences on the date the prisoner is received at the detention facility at which the sentence is to be served. See 18 U.S.C. § 3585(a). Section 3585(b) gives the BOP authority to credit against the sentence time served prior to the commencement of the sentence. The statute provides, in relevant part:

> (a) Commencement of sentence.-A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b). This section governs calculation of a federal sentence by the BOP, but § 3584 gives the sentencing court the power to impose a sentence that runs concurrent to a state sentence. Section 3584 provides: "Imposition of concurrent or consecutive terms.- . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. 18 U.S.C. § 3584(a)(emphasis added); see also Ruggiano v. Reish, 307

5

F.3d 121, 132 (3d Cir.2002) (sentencing court has authority under 18 U.S.C. § 3584 and United States Sentencing Guideline § 5G1.3(c) to order a federal sentence to be fully and retroactively concurrent to a state sentence the defendant was already serving); Rios v. Wiley, 201 F.3d 257 (3d Cir.2000) (same). Judge Michael did not issue an order directing petitioner's federal sentence to run concurrently with his unexpired state sentence.

In this case, section 3585(b) precludes the BOP from giving petitioner credit for custody prior to sentencing. The State of Virginia gave Mr. Newman state sentence credit for the months between his arrest on December 16, 1996, and the imposition of his state sentence on April 17, 1997. Because § 3585(b) authorizes the BOP to give a prisoner credit for time spent in detention prior to commencement of a federal sentence only if the time "has not been credited against another sentence," 18 U.S.C. § 3585(b), the BOP had no authority under § 3585(b) to award petitioner credit for time he was detained prior to commencement of his federal sentence on June 6, 2007. See Rios, 201 F.3d at 269 (section 3585(b) does not permit BOP to grant credit for time served that has been credited against defendant's state sentence).

The BOP has limited authority to count custody time prior to commencement of a sentence that was also credited to a state sentence under the rulings of Barden v. Keohane, 921 F.2d 476 (3d Cir.1991). Unlike Mr. Newman, the defendant in Barden sought credit for time served in state custody (and credited against a state sentence), after the imposition of his federal sentence. Nunc pro tunc designation under Barden is not available for petitioner. Unlike the defendants in Barden or Kayfez, neither the state nor federal judges before whom Mr. Newman appeared expressly ordered that his sentences be served concurrently. Therefore, this case does not necessitate any action by the BOP to effectuate the sentencing order of Judge Michael by designating that his federal

6

sentence be served in a state facility. See 18 U.S.C. § 3584. As noted above, when multiple terms of imprisonment are imposed at different times and the sentencing court does not explicitly direct a sentence to run concurrently, it assumed that the sentence imposed runs consecutively to the unexpired sentence. See 18 U.S.C. §3585(a).

Unlike Barden, Mr. Newman seeks credit against his federal sentence for time served in state custody before his federal sentence was imposed on October 21, 1997. Contrary to his claims, however, Mr. Newman was not in exclusive federal custody prior to the time he was sentenced on October 21, 1997. His transfer to federal court via writ of habeas corpus ad prosequendum served only as a 'loan' of the prisoner to federal court for criminal proceedings in the receiving jurisdiction. Gipson v. Young, No. 85-5158, 1986 WL 16497, at *2 (6th Cir. Feb. 6, 1986). A federal sentence does not begin to run when a defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir.1992); Hernandez v. United States Attorney General, 689 F.2d 915, 918-19 (10th Cir.1982). The only function of such a writ is to cause the removal of a prisoner to the proper jurisdiction for prosecution. 28 U.S.C. § 2241(c)(5); United States v. Boyes, 305 F.2d 160, 161 (6th Cir. 1962).

There are no facts alleged which entitle Mr. Newman to 11 years credit on his federal sentence for the time he spent serving his state sentence. The sentencing court's "recommendation" that the BOP provide credit for time served does not equate to an order that his state and federal sentences 'shall run concurrently.' After a district court sentences a federal offender, it is the

Attorney General, through the BOP, who has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). Because prisoners have the right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons"); 18 U.S.C. § 3585(b). In this case, there is no statute or relevant case law which authorizes the BOP to award 11 years credit for time Mr. Newman spent in state custody prior to the imposition or execution of his federal sentence.

## Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      s/ Kathleen M. O'Malley
      KATHLEEN M. O'MALLEY
      UNITED STATES DISTRICT JUDGE

DATED: December 18, 2008